**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Salvador Rodriguez-Herrera, | No. CV-23-00512-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Pending before the Court is *pro se* Petitioner Salvador Rodriguez-Herrera's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Camille D. Bibles (Doc. 11). Magistrate Judge Bibles recommends the Petition be denied for failure to timely file his petition. (*Id.*) The Court has reviewed the Petition, the Limited Response (Doc. 9), the R&R, Petitioner's Objection, originally filed as a "Motion for Summary Judgment" (Doc. 17)[1], Respondents' Response (Doc. 13), and Petitioner's Reply (Doc. 15). The Court adopts Magistrate Judge Bibles's R&R in its entirety.

---

[1] On October 16, 2023, the Court ordered the Clerk of Court to re-docket Petitioner's "Motion for Summary Judgment" (Doc. 12) as an Objection to the R&R. (Doc. 16). Generally, "[s]ummary Judgment procedures are ill-suited to habeas cases." *Fahr v. Shinn*, 2021 WL 3666244, at *6 (D. Ariz. 2021). *See also* Rules Governing Section 2254 Cases, Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); Brian R. Means, Rule 56, Federal Habeas Manual § 8:36 (2018) (discussing the practical difficulties of applying summary judgment to habeas, particularly involving state prisoners in § 2254 cases). Though Petitioner moved under Federal Rule of Civil Procedure 56(a), Petitioner does not establish why the application of summary judgment standards are appropriate to his Petition or why the motion was filed after the R&R was issued. The Court accordingly declines to apply Rule 56 standards to the post-R&R filings.

### I.  Background

Magistrate Judge Bibles did not reach the merits of Petitioner's Petition because she found it barred by the statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  AEDPA imposes a one-year limitations period on state prisoners seeking federal habeas relief.  Judge Bibles determined that Petitioner's conviction was final on June 23, 2020, and expired on June 23, 2021.  (Doc. 11 at 5). Petitioner filed his federal Petition over a year after this expiration period, on March 21, 2023 (Doc. 1).  Judge Bibles further determined that no circumstances justified statutory or equitable tolling of the limitation statute, and that Petitioner had failed to establish the existence of any extraordinary circumstances that justified his failure to timely file his Petition.  (Doc. 11 at 6–8).

### II.  Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Indeed, the Court is not required to conduct "any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### III.  Discussion

Petitioner's objections do not address Judge Bibles' findings of untimeliness. Instead, Petitioner generally takes issue with the R&R's recitation of the procedural events leading to his guilty pleas.  (*See* Doc. 12 at 2 ("Petitioner controverts Page Two (lines 1–28 . . . to clarify the misinterpretations of the (A.A.G.'s) false facts)).  He also says he "controverts Page 5 (lines 1–28) for the simple fact that U.S.C.S. Rule 56(a) clearly states that a party may move for summary judgment identifying each claim or defense on which summary judgment is sought." (*Id.* at 2–3).  He conclusively asks the Court to find in his favor and "grant an evidentiary hearing and a reverse order to the lower court for this matter

to be resolved." (*Id.* at 3).

General objections—such as the objections Petitioner makes—have the same effect as a failure to object altogether. *Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2023). As to Petitioner's objection to "Page Two," the Court cannot determine which of the factual statements on this page are the objectionable "false facts." The procedural history recited on page 2 was information that Petitioner's state-appointed post-conviction counsel included in his Notice of Completion of Post-Conviction Review and finding of no colorable claim. (Doc. 9-1 at 15). Petitioner's appointed counsel averred that these facts were taken from his review of Petitioner's trial record, including, among other things, court orders, transcripts, information from Petitioner, and information from Petitioner's prior counsel. (*See* Doc. 9-1 at 15). The record reflects that though Petitioner was allowed to file a pro per petition, he did not. (*Id.* at 24). As Petitioner has not provided clear and convincing evidence to rebut the presumption of correctness of the facts derived from the state court appellate record, much less identified with the required specificity which facts he contends are untrue, this objection is overruled. *See* 28 U.S.C. § 2254 (e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

Petitioner's objection to "Page 5" is even more vague but seems to be objecting to the fact that the Magistrate Judge did not reach the merits of his claims, having determined the Petition was time-barred. But there was no error here: untimely federal petitions for writs of habeas corpus are barred from federal court review. 28 U.S.C.A. § 2244(d). This objection is therefore also overruled.

Though under no obligation to do so, the Court has otherwise reviewed the entirety of the R&R and agrees with the conclusions and recommendations made therein. Accordingly, the Court will adopt it as the Order of this Court.

**VI. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Bible's R&R (Doc. 11) is **ACCEPTED** and **ADOPTED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**. Petitioner's Motion for Status Update (Doc. 18) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is **DENIED** because Petitioner has not made a substantial showing of a denial of a constitutional right and because dismissal of the Petition is justified by plain procedural bars and jurists of reason would not find the procedural rulings debatable.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 8th day of October, 2024.

Honorable Diane J. Humetewa
United States District Judge